UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA NOLES<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE FINANCIAL CORPORATION, WEBBANK, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., and TRANS UNION, LLC.<br><br>Defendants. | Case No. |

**COMPLAINT**

NOW COMES Plaintiff, LINDA NOLES ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants CAPITAL ONE FINANCIAL CORPORATION, ("CAPITAL ONE"), EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), EQUIFAX INFORMATION SERVICES, LLC. ("EQUIFAX"), TRANS UNION, LLC., ("TRANS UNION") and WEBBANK (or collectively "Defendants"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## Parties

2. Plaintiff is a natural person at all times relevant residing in Douglas County, in the City of Villa Rica, in the State of Georgia.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant CAPITAL ONE is a financial services company doing business in the state of Georgia with its principal place of business located in McLean, Virginia.

5. Defendant CAPITAL ONE is a "person," as defined by 47 U.S.C. §153 (39).

6. Defendant EXPERIAN is a corporation headquartered in Costa Mesa, California.

7. Defendant EXPERIAN is a person, as that term is defined 15 U.S.C. § 1681a(b).

8. Defendant EXPERIAN is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. Defendant EXPERIAN furnishes such consumer reports to third parties under contract for monetary compensation.

10. Defendant EXPERIAN is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

11. Defendant EQUIFAX is a corporation headquartered in Atlanta, Georgia.

12. Defendant EQUIFAX is a person, as that term is defined 15 U.S.C. § 1681a(b).

13. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

14. Defendant EQUIFAX furnishes such consumer reports to third parties under

contract for monetary compensation.

15. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

16. Defendant TRANS UNION is a corporation headquartered in Chicago, Illinois.

17. Defendant TRANS UNION is a person, as that term is defined 15 U.S.C. § 1681a(b).

18. Defendant TRANS UNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

19. Defendant TRANS UNION furnishes such consumer reports to third parties under contract for monetary compensation.

20. Defendant TRANS UNION is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

21. Defendant WEBBANK is a financial services company doing business in the state of Georgia with its principal place of business located in Salt Lake City, Utah.

22. Defendant WEBBANK is a "person," as defined by 47 U.S.C. §153 (39).

23. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Jurisdiction and Venue**

24. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

25. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part

of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Facts

26. Plaintiff is a consumer who is the victim of inaccurate reporting practices by TRANS UNION, EXPERIAN, and EQUIFAX regarding two credit accounts account that he had with CAPITAL ONE and WEBBANK, settled with CAPITAL ONE and WEBBANK, and paid to CAPITAL ONE and WEBBANK.

27. Credit Reporting Agencies (e.g., TRANS UNION, EQUIFAX, and EXPERIAN, hereinafter referred to as "CRA" or "CRAs") have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

28. Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs, which include Defendants CAPITAL ONE and WEBBANK) have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

29. Furnishers are also prohibited from furnishing information they know or should know is inaccurate.

30. Here, Plaintiff is a victim of inaccurate reporting regarding two accounts he had with CAPITAL ONE and WEBBANK, inaccuracies found in three different credit reports published by CRAs based on the information provided to them by Defendant. The following is a description of the inaccuracy and failures of CAPITAL ONE and WEBBANK to investigate and update their reporting of the account in question to the CRAs:

31. On or about July 25, 2025, Plaintiff and CAPITAL ONE entered into an agreement to settle an account ending in 0479 (the "CAPITAL ONE Account") for $2,478.15.

32. Per the terms of the settlement agreement, Plaintiff made one payment of $2,478.15 on July 25, 2025 which fully satisfied the settlement agreement and CAPITAL ONE Account.

33. On or about May 23, 2025, Plaintiff and WEBBANK entered into an agreement to settle an account ending in 4226 (the "WEBBANK Account") for $578.00.

34. Per the terms of the settlement agreement, Plaintiff made one payment of $578.00 on May 29, 2025, which fully satisfied the settlement agreement and WEBBANK Account

35. On September 9, 2025, Plaintiff received copies of her credit report from the CRA Defendants, which, to his surprise, were incorrect. Upon information and belief, Defendant MISSION LANE reported incorrect information regarding the CAPITAL ONE Account and the WEBBANK Account to the CRAs.

36. Specifically, TRANS UNION, EQUIFAX, and EXPERIAN all reported the CAPITAL ONE Account status as "Charge-off", with a balance of $982.00 even though this account was settled and paid in full in July, 2025.

37. Defendant CAPITAL ONE's failure to furnish accurate information regarding Plaintiff's Account harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

38. Further, TRANS UNION, EQUIFAX, and EXPERIAN all reported the WEBBANK Account status as "Charge-off", with a balance of $1,154.00 even though this account was settled and paid in full in May, 2025.

5

39. Defendant WEBBANK's failure to furnish accurate information regarding Plaintiff's Account harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history

40. Defendants TRANS UNION, EQUIFAX, and EXPERIAN's respective failures to report the CAPITAL ONE Account and the WEBBANK Account correctly, including their failures to report the accurate status, balance, and payment history on the Accounts, harmed Plaintiff's credit score and would, at the least, mislead any third party reviewing Plaintiff's credit history.

41. On or around September 22, 2025, Plaintiff issued disputes by mail to the three CRAs that Plaintiff received credit reports from regarding the incorrect information being reported on the Accounts.

42. In her dispute letters, Plaintiff disputed the incorrect entries in his credit report regarding the Accounts' statuses, balances, and ratings. Plaintiff also included proof of the agreements between herself and CAPITAL ONE and WEBBANK together with proof of the payments made in satisfaction of the agreements.

43. Upon information and belief, pursuant to their own obligations under the FCRA, the three CRAs would have notified CAPITAL ONE and WEBBANK of Plaintiff's disputes within five days of receipt of the disputes.

44. Further, upon information and belief, the three CRAs would have sent the documentation Plaintiff included in her dispute letters to CAPITAL ONE and WEBBANK, including the terms of the settlements and proof of the payments.

45. Despite her very specific disputes to the CRAs Defendants which Defendants CAPITAL ONE and WEBBANK were furnishing inaccurate information to, Plaintiff received

6

three more credit reports post-dispute which reflected no update in the Accounts' reported information. Upon information and belief, this is because Defendants CAPITAL ONE and WEBBANK continued to furnish inaccurate information about Plaintiff's Account.

46. At the time of filing this complaint, the three CRAs continue to report the Account as having a balance owed and inaccurately report the status and payment history of the Account, which is based on the inaccurate information being furnished by Defendants CAPITAL ONE and WEBBANK.

47. Upon information and belief, the three CRAs continue to report this information because of CAPITAL ONE and WEBBANK's furnishing of incorrect information regarding the Account to the three CRAs.

48. Additionally, upon information and belief, CAPITAL ONE and WEBBANK failed to conduct a reasonable investigation into the information about the CAPITAL ONE Account and the WEBBANK Account which they furnished to the CRAs.

49. Additionally, upon information and belief, the three CRAs continue to report this information because of their failures to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his letters.

50. Further, after receiving Plaintiff's disputes concerning the inaccurate information of the Account, TRANS UNION, EQUIFAX, and EXPERIAN are required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff, pursuant to 15 U.S.C. § 1681e(b).

51. If CAPITAL ONE and WEBBANK had complied with their duties to reinvestigate the Account when it received notice of the disputes, it would have conducted a reasonable reinvestigation and updated the information it was furnishing accordingly.

52. Further, CAPITAL ONE and WEBBANK continue to furnish information regarding the Accounts that they know or should know is inaccurate.

53. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

54. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

55. Because of his concern over the effects of Defendants' misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase a car of house, despite the fact that Plaintiff has had the financial means to do both.

### COUNT I – CAPITAL ONE FINANCIAL CORPORATION
### Violation of the Fair Credit Reporting Act - 15 U.S.C. § 1681s-2(b)

56. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

57. After receiving Plaintiff's disputes, CAPITAL ONE failed to reasonably reinvestigate its reporting of the information regarding the CAPITAL ONE Account reporting on Plaintiff's consumer report.

58. CAPITAL ONE violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of CAPITAL ONE's representations to the CRAs.

59. As a result of this conduct, action, and inaction of CAPITAL ONE, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to

reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. CAPITAL ONE's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

61. In the alternative, CAPITAL ONE was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from CAPITAL ONE, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT II – CAPITAL ONE FINANCIAL CORPORATION
### Violation of the Fair Credit Reporting Act - 15 U.S.C. § 1681s-2(b)

63. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

64. After receiving Plaintiff's disputes, WEBBANK failed to reasonably reinvestigate its reporting of the information regarding the WEBBANK Account reporting on Plaintiff's consumer report.

65. WEBBANK violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's disputes, by failing to accurately report the results of the investigation to the CRAs, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of WEBBANK's representations to the CRAs.

66. As a result of this conduct, action, and inaction of WEBBANK, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. WEBBANK's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

68. In the alternative, WEBBANK was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from WEBBANK, pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT III – EXPERIAN INFORMATION SOLUTIONS, INC.
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

70. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

71. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

72. EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EXPERIAN published and maintained concerning Plaintiff.

73. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

74. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant EXPERIAN liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

75. In the alternative, EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

76. Plaintiff is entitled to recover costs and attorneys' fees from EXPERIAN, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EXPERIAN INFORMATION SOLUTIONS, INC.
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

77. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

78. After receiving Plaintiff's dispute, EXPERIAN failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

79. Defendant EXPERIAN violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

80. As a result of this conduct, action, and inaction of EXPERIAN, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

81. EXPERIAN's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

82. In the alternative, Defendant EXPERIAN was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

83. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EXPERIAN pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT V – EQUIFAX INFORMATION SERVICES, LLC.
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

84. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

85. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

86. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

87. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

88. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

89. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

90. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VI – EQUIFAX INFORMATION SERVICES, LLC.
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

91. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

92. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

93. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

94. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

95. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

96. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

97. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII – TRANS UNION, LLC.
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

98. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

99. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

100. TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANS UNION published and maintained concerning Plaintiff.

101. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

102. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant TRANS UNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

103. In the alternative, TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

104. Plaintiff is entitled to recover costs and attorneys' fees from TRANS UNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VIII – TRANS UNION, LLC.
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

105. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

106. After receiving Plaintiff's dispute, TRANS UNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

107. Defendant TRANS UNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

108. As a result of this conduct, action, and inaction of TRANS UNION, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

109. TRANS UNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

110. In the alternative, Defendant TRANS UNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

111. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANS UNION pursuant to 15 U.S.C. §1681n and/or §1681o.

**Prayer For Relief**

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act, and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all issues so triable.

Dated: 02/11/2026                               Respectfully submitted,

                                                */s/ Mark A. Carey*
                                                Mark A. Carey
                                                Law Offices of Mark A. Carey, P.C.
                                                5600 Roswell Rd. Ste. Bldg. C
                                                Sandy Springs, GA 30342
                                                P: (385) 324-5471
                                                E: markcareylaw@ymail.com

                                                Attorneys for Plaintiff,
                                                LINDA NOLES